## Daum v. Celotex Corporation

*Edwin H. Beachlor,* for plaintiff.

*James S. Ehrman,* for defendant, John Crane-Houdaille.

*Bernard McAuley,* for defendant Argo Packing Co.

SILVESTRI, *J.,* January 24, 1985—We have before us motions for post-trial relief filed by defen-

dants John Crane-Houdaille and Argo Packing Company. Plaintiffs had brought an action against these and other defendants for injuries incurred through exposure to asbestos and asbestos-related products. Trial was commenced on November 28, 1984 against all defendants. On December 3, 1984, before plaintiffs had rested their case, plaintiffs' counsel advised the court and counsel that plaintiffs had decided to discontinue their action. On December 7, 1984 a joint tortfeasors' release was signed by plaintiffs as to 11 of the defendants. John Crane-Houdaille and Argo Packing did not enter into the agreement thereof.[1]

John Crane-Houdaille and Argo Packing have now filed identical motions for post-trial relief. They argue that plaintiffs cannot enter into a joint tortfeasor's release with a majority of defendants and at the same time leave the docket open as to the non-settling defendants. They have requested that we mold the verdict slip to properly reflect the entering of a voluntary nonsuit by plaintiffs. We decline to do so.

Pennsylvania Rule of Civil Procedure 230 states:
"Rule 230: Voluntary Non-Suit

(a) A voluntary non-suit shall be the exclusive method of voluntary termination of an action, in whole or in part, by plaintiff during the trial."

---

1. In addition, defendants PABCO Insulation Division of Louisiana-Pacific Corp., Owens-Illinois, Inc., Atlas Asbestos Co, Combustion Engineering, Inc., Harbison-Walker Refractories Co., Rock Wool Manufacturing Co., SEPCO Incorporation and Tannetics, Inc., and Flexitallic Gasket Company did not enter into the joint tortfeasors' release. Nor did they object to the continuance at the time of trial. However, they have not made any motion for post-trial relief and we therefore need not consider those defendants at this time.

Plaintiffs, at any stage of the proceedings prior to the close of their case, upon their own initiative and without agreement of any defendants or permission of the court, could have taken a voluntary nonsuit as to one or more of defendants.

The commentary to Rule 230(a) states:

"Neither statute nor rule forbids the entry of a voluntary nonsuit by the plaintiff as to less than all the defendants, other than Rule 2231(e)."[2]

It is also clear, therefore, that plaintiffs could settle their claim with one or more defendants by way of a joint tortfeasor release and continue with the case against the nonsettling defendants and, except for circumstances not herein applicable, without agreement of any nonsettling defendant or approval of the court.

Plaintiff entered into a joint tortfeasors' release with 11 of the defendants. The jury was dismissed and the case continued generally for settlement. John Crane-Houdaille and Argo Packing made no objection to the case being continued. Now, however, they complain because the settlement does not close the docket as to them.

No rule prohibits settlement as to some defendants but not others. Rule 230 states that a voluntary non-suit is the exclusive means by which a plaintiff may discontinue a case after trial has begun. Since, however, John Crane-Houdaille and Argo Packing failed to object to the dismissal of the jury, and did not demand that the trial proceed as to them or that plaintiffs take a voluntary nonsuit as to them, they have waived any such objections. Our

---

2. 1 Goodrich Amram 2d 347 (1976). We also note that Rule 2231 (3) applies only to defendants joined in an action ex contractu. That rule is therefore inapplicable to the instant case.

Supreme Court in Dillilaine v. Lehigh Valley Transit Co., 457 Pa. 255, 322 A.2d 114 (1974) has stated:

"Failure to interpose a timely objection at trial denies the trial court the chance to hear argument on the issue and an opportunity to correct error . . . Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors."

John Crane-Houdaille and Argo Packing, in failing to object at the time of the court's dismissal of the jury and continuance of the case generally, cannot complain now that a voluntary nonsuit should have been entered as to them. We will deny the motions of John Crane-Houdaille and Argo Packing for post-trial relief.

## ORDER

And now, this January 24, 1985, it is hereby ordered that the motions of John Crane-Houdaille and Argo Packing Company, Inc. for post-trial relief be and are hereby denied.